### HALEY v. BREEZE.

CONSTRUCTION OF CODE OF 1885 AS TO FILING PLEADINGS.— The practice act of 1885 required the pleadings in a cause to be filed with the clerk within ten days after service by the defendant of a copy of his answer on the attorney of the plaintiff, but imposed no duty in this regard upon the defendant. It likewise required the pleadings to be so filed in all cases before judgment or default should be entered. Under this act a defendant who served a copy of his answer in apt time upon the attorney, and thus formed an issue, was entitled to defend the action although his answer was not tendered for filing within the ten days; and the court erred in denying his application for leave to file his answer, and in rendering judgment by default against him.

*Appeal from District Court of Routt County.*

Mr. JOHN A. COULTER and Mr. W. T. HUGHES, for appellant.

Mr. JOHN M. BREEZE, Mr. DANIEL E. PARKS and Mr. H. B. JOHNSON, for appellee.

BISSELL, C. This action was brought by Lewis H. Breeze, as treasurer of Routt county, on an injunction bond filed by Haley in a suit to restrain the county treasurer from

collecting certain taxes. The suit was commenced under the practice act of 1885. The only error which will be considered will be that predicated on the ruling of the court which deprived the appellant Haley of his right to defend the suit. By the terms of the act of 1885, the summons must contain a substantial notification to the defendant of the names of the parties, of the court, and the purposes of the suit, and must require him to answer and serve a copy thereof, within a time specified, upon the attorney whose name is signed to it. It is conceded that the defendant served his answer upon the attorney in apt time, and thus formed an issue which he was denied the right to try. The defendant's answer was not filed in the clerk's office prior to the meeting of the court on the first day of the term ensuing the service. On that day the defendant tendered his answer to the clerk, who refused to file it. Some time prior to that date the plaintiff had filed a motion for a default, and asked for judgment because of this failure to file the answer. Before any action whatever had been taken by the court upon this motion, the defendant asked leave to file his answer, basing his motion upon the ground that the answer had been previously served in apt time, in accordance with the statute, and because the statute itself made no certain provision as to the time at which the answer should be filed in court. The court denied the application, entertained the motion for a default, and entered judgment against the defendant for nearly the entire amount for which the plaintiff had sued. The statute is in accord with the defendant's contention. It provides for the filing of the pleadings within ten days after service of a copy of the answer, but does not impose a duty in this regard on the defendant, or enact a penalty for the disregard of the statute. The section which contains the ten-day clause likewise provides that the pleading must be filed before default or judgment. The only inhibition, in the nature of a penalty, which attaches by the terms of the statute, is that relating to the entry of default or judgment. It is thus clear that

. the defendant loses no right by a failure to file his answer, previously served in apt time, within the specified ten days. While it was in the power of the court to order the answer filed at any prescribed time, it clearly was not within its power to enter judgment as upon a failure to answer, when no such penalty was imposed by the statute, and the act had been substantially observed by the defendant.

It is clear that Haley should have been permitted to defend.

Counsel have pressed some questions concerning the proper measure of damages which are likely to be of importance on the trial. A decision would doubtless be an aid to the trial court. It would be given without hesitation, if the record contained the facts essential to a correct decision. In their absence an intelligent judgment is impossible, and these matters are left wholly undetermined. For the reasons given, this judgment must be reversed, with directions to the court below to set aside the default and judgment, and to enter an order permitting the answer to be filed, when the cause will proceed according to the law in such cases.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded, with directions to proceed in accordance with the suggestions made.

*Reversed.*